UNITED STATES DISTRICT COURT
for the
Southern District of New York

2016 SEP 23  AM 8:27

KRYZIE KING,
                Plaintiff,

v.

THE CITY OF NEW YORK, NEW YORK POLICE DEPARTMENT, DISTRICT ATTORNEYS OFFICE OF NEW YORK COUNTY, JUDGE ROBERT STOLZ, JUDGE JANE DOE, THE AMERICAN BAR ASSOCIATION, LEGAL AID ATTORNEY BRYAN KONOSKI, ASSISTANT DISTRICT ATTORNEY COLLEEN WALSH, ASSISTANT DISTRICT ATTORNEY NICOLE BLUMBERG, POLICE OFFICER(S); SCOTT HENRY, ROBERT BOYCE, MICHAEL SACCOME, GARY MESSING, MICHAEL KEENAN, JAMES LOONGO, JOHN ROHAN, RAFAEL VASQUEZ, JOSEPH DELLAROCCA, KEITH OPALCK, JOHN MOGLIA, RYAN CORLEY, JOHN FLYNN, KEVIN HOMAN, DETECTIVES, RICHARD

16CV 7425

(Defendant's name and address)
To: Corporation Counsel of the City of New York,
Attorney for Defendants
100 Church Street, 4th Floor,
New York, N.Y. 10007

Comptroller of the City of New York
C/O Corporation Counsel of the City of New York
100 Church Street, Floor
New York, N.Y. 10007

New York City Police Department
One Police Plaza
New York, N Y. 10038-1497
and
c/o Corporation Counsel of the
City of New York
100 Church Street, 4th Floor
New York, N.Y. 10007

HON. CYRUS VANCE
DISTRICT ATTORNEYS OFFICE OF NEW YORK COUNTY
1 Hogan Place

New York, New York
DISTRICT ATTORNEYS OFFICE NEW YORK
COUNTY
1 Hogan Place
New York, New York


POLICE OFFICERS
c/o New York City Police
Department
One Police Plaza
New york, N.Y. 10038-1497

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NERW YORK

------------------------------------X
                                    :
KRYZIE KING,                        :
                      Plaintiff,    :
                                    :       VERIFIED COMPLAINT
            V.                      :
                                    :
THE CITY OF NEW YORK, NEW YORK      :
POLICE DEPARTMENT, DISTRICT         :
ATTORNEYS OFFICE OF NEW YORK COUNTY,:
JUDGE ROBERT STOLZ, JUDGE JANE DOE, :
THE AMERICAN BAR ASSOCIATION, LEGAL :
AID ATTORNEY BRYAN KONOSKI,         :
ASSISTANT DISTRICT ATTORNEY COLLEEN :
WALSH, ASSISTANT DISTRICT ATTORNEY  :
NICOLE BLUMBERG, POLICE OFFICER(S); :
SCOTT HENRY, ROBERT BOYCE, MICHAEL  :
SACCOME, GARY MESSING, MICHAEL      :
KEENAN, JAMES LOONGO, JOHN ROHAN,   :
RAFAEL VASQUEZ, JOSEPH DELLAROCCA,  :
KEITH OPALCK, JOHN MOGLIA, RYAN     :
CORLEY, JOHN FLYNN, KEVIN HOMAN,    :
DETECTIVES, RICHARD                 :
                                    :
                      Defendants.   :
------------------------------------X

## INTRODUCTORY STATEMENT

1.      This action is for damages sustained by plaintiff KRYZIE KING, (hereinafter referred to as KING and/or plaintiff) and against the CITY OF NEW YORK, (hereinafter referred to as CITY and/or defendant), NEW YORK CITY POLICE DEPARTMENT, (hereinafter referred to as NYPD and/or defendant), THE AMERICAN BAR ASSOCIATION, (hereinafter referred to as the BAR and/or defendant), and the office of the DISTRICT ATTORNEY OF THE COUNTY OF NEW YORK, DA NEW YORK COUNTY, DA'S OFFICE NEW YORK COUNTY and/or defendant), who through its agents, employees and/or assigns, unlawfully conspired, arrested, harassed and improperly prosecuted and/or continues to prosecute and intimidate the plaintiff KRYZIE KING

1

via a criminal case amounting to malicious prosecution in their failure to and/or refusal to investigate the denial of the plaintiffs "STATUTORY RIGHTS" namely her right to a "PRELIMINARY HEARING" as well as the "GRAND JURY" proceedings against her expressed desire and request to so appear and the failure to remedy the violations after the same was bought to their attention by way of "MOTION NOTICE TO DISMISS", as well as the defendant LEGAL AID ATTORNEY BRYAN KONOSKI, for his unlawful waiver of the plaintiffs "STATUTORY RIGHTS" to the "PRELIMINARY HEARING and "GRAND JURY" including but not limited to the CITY by the AMERICAN BAR ASSOCIATION and/or HON. CYRUS VANCE and/or office of the DISTRICT ATTORNEY OF NEW YORK COUNTY, who did nothing meaningful to investigate the denial of the plaintiffs allegations of conspiring to arrest her nor of her prooffered showing of the denial her "STATUTORY RIGHTS" nor of the NYPD OFFICERS who did so conspire to deprive plaintiff KING of her "CIVIL and/or CONSTITUTIONAL RIGHTS" to due process and equal protection of law, as well as defendant(s) JUDGE JANE DOE, JUDGE ROBERT STOLZ, ADA COLLEEN WALSH, ADA NICOLE BLUMBERG, DA HON. CYRUS VANCE and ATTORNEY BRYAN KONOSKI in their clear conspiracy to deny and/or deprive a citizen of her fundamental "STATUTORY" and thereby "CONSTITUTIONAL RIGHT(S) and for all defendants failure to take corrective actions after clear violations were bought to their attention, whose vicious propensities to so deny African American Citizens and other minority groups the mandated "PRELIMINARY HEARING", and/or properly train and/or supervise said personel, or to implement meaningful procedures to discourage lawless official conduct, same is/are sued as a "person"

under Title 42 USC 1983; in violation of Title 18 USC 241 and 242, which resulted in false imprisonment, mental and emotional distress to plaintiff KING vis a vis the illegal denial of her "STATUTORY RIGHT(S), to the mandated "PRELIMINARY HEARING" AND her right to appear and be heard by the "GRAND JURY and the conspiracy of all defendants to so deprive the PLAINTIFF. and/or hide the facts hereinafterstated, to therefore keep the plaintifdf incarcerated and to intimidate the same to give a false statement and/orcoerced confession.

2.     Through defendant(s) deliberate indifference and their conspiritorial acts and/or their failure to act as was perscribed by law as to defendant CITY, THE BAR, the HON. CYRUS VANCE, DISTRICT ATTORNEYS OFFICE OF NEW YORK COUNTY and HON. ROBERT STOLZ, HON. JUDGE JANE DOE, ASSISTANT DISTRICT ATTORNEY COLLEEN WALSH, A.D.A NICOLE BLUMBERG, to take reasonable and prudent steps as was required to safeguard the PLAINTIFFS rights and not to enter int any conspiracy that would so deny the PLAINTIFF any guaranteed "STATUTORY" and/or "CONSTITUTIONAL" RIGHT(S).

## JURISDICTION

3.     This action arises under section(s) 1981, 1983, 1985, 1986, 1988 of Title 42 of the United States Code, and the First, Fourth, Sixth, Eighth and Fourteenth Amendment of the Constitution of the United States, and under the Constitution of the State of New York and the case law arising thereunder in similar 1983 matters and the like.

## PARTIES*

4.     At all times relevant to the allegations of this complaint Plaintiff KRYZIE KING, is an individual currently residing at the

3

Manhattan Detention Complex at 125 White Street, New York, N.Y. 10013, which is in the Southern District of New York. That at all times hereinafter mentioned, the defendants CITY, NYPD, THE BAR, HON. CYRUS VANCE, D.A. OF NEW YORK COUNTY and the NEW YORK COUNTY DISTRICT ATTORNEY'S OFFICE and was is/are and still is/are a domestic and public benefit corporations, organized and existing under and by the virtue of the laws of the State of New York.

5. At all times hereinafter mentioned the defendant THE CITY OF NEW YORK, (hereinafter referred to as "CITY" or defendant), is on information and belief a municiple corporation duly organized and/or chartered by the State of New York and has designated the Corporation Counsel of the City of New York to accept service at 100 Church Street, New York, N.Y. 10007.

6. The NYPD is on information and belief owned, operated and/or subjected to directives of the defendant CITY as are their supervisors, employees, police officers, etc.

7. At all times relevant, defendant NYPD is/are a municipal corporation(s) duly formed pursuant to the laws of the City and State of New York, and/ or and agency, subdivision, department, of the defendant CITY OF NEW YORK duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and or by virtue of the laws of the State of New York and was the employer and supervisor of the defendant NYPD and/or supervisory staff and/or detectives and/or police officers and staff. As such, it (NYPD,CITY) was/were responsible for training, supervision and conduct by defendant(s). CITY/defendant was also responsible, under law, for enforcing the regulations

of the NYPD and/or for ensuring that CITY OF NEW and/or supervisory staff, and personnel, as well as police officers in the employ of the NYPD obey the laws of the CITY and State of New York and of the United States and prosecute and enforce said laws. As such defendant NYPD and CITY was/were responsible for training, supervision and conduct by said named defenents, POLICE OFFICERS, SCOTT HENRY, ROBERT BOYCE, MICHAEL SACCOME, GARY MESSING, MICHAEL, KEENAII, JAMES LOONGO, JOHN ROGAN, RAFAEL VASQUEZ, JOSEPH DELLAROCCA, KEITH OPALCK, JOGN MOGLIA, RYAN CORLEY, JOHN FLYNN, KEVIN HOMAN, and DETECTIVES, RICHARD TRELLI, ROBERT HAHN, GENEVO ELEUTINE, AND DAVID BELCHER. Defenant CITY was responsible, under law, for enforcing the regulations of the NYPD and for ensuring that the CITY OF NEW YORK, NYPD, and/or their respective supervisory staff and personnel, as well as police officers in the employ of the NYPD obey the laws of the State of New York and of the United States and carry out, prosecute and enforce said laws.

8. At all times relevant, the above stated police defendants are employees of the NYPD/CITY and on information and belief were in the employ of the NYPD and working and/or at the time of the said egregious illegal arrest, illegal detention and conspiracy against plaintiff KRYZIE KING, the use of illegal interrogation tactics, and seizure of her person, the wanton invasion of her p privacy and the subsequent acts of malicious prosecution against KING in the wake of contradictory evidence which support the only true facts that being of her innocence are all factors of the conspiracy to so deny her her civil rights. **The names and addresses of the above stated defendants are unknown to the plaintiff.** Said

police officers are responsible, under law, for enforcing and arising by the regulations of the NYPD and the laws of the CITY and the State of New York and of the United States and for ensuring that their co-workers, other NYPD personnel, City of New York personnel, and the like obey the laws of the City and State of New York and of the United States. At all times relevant hereto and in all their action described herein, said defendant police officers, NYPD personnel, etc, were acting under the color of law and pursuant to their authority as NYPD personnel/officers.

9.   HON. CYRUS VANCE (hereinafter referred to as VANCE and/or defendant) is the duly elected DISTRICT ATTORNEY OF NEW YORK COUNTY who maintains and responsible for the offices of the DISTRICT ATTORNEY OF NEW YORK COUNTY at 1 Hogan Place, New York, NY, County of New York, City and State of New York and is charged with the responsibility of prosecuting all New York State Law criminal matters in the County of New York, State of New York including but not limited to prosecutions, presentments and proceedings before the NEW YORK COUNTY Grand Jury, criminal proceedings in the Criminal Court and Supreme Court Criminal matters in NEW YORK COUNTY. In addition thereto VANCE is charged with the responsibility of the Assistant District Attorneys of New York County and all staff members including investigators, the coordination of criminal prosecutions e.g. presentments to the Grand Jury with the NYPD and/or other law enforcment agencies and the like and in protecting the rights of citizens of the County of New York and of the City and State of New York and the United States. The DISTRICT ATTORNEY'S OFFICE OF NEW YORK COUNTY locatged at 1 Hogan Place, New York, New York is a law enforcement entity duly constituted by the State of New York to prosecute/litigate criminal matters in New York County

6

in the Criminal Court and Supreme Court to conduct Grand Jury proceedings and the like. HON. CYRUS VANCE and the DISTRICT ATTORNEY'S OFFICE OF NEW YORK COUNTY are located in the SDNY.

10. At all times relevant, defendants THE AMERICAN BAR ASSOCIATION, HON. JUDGE ROBERT STOLZ, HON. JUDGE JANE DOE, ADA COLLEEN WALSH, ADA NICOLE BLUMBERG, LEGAL AID ATTORNEY BRYAN KONOSKI are employees of the CITY of New York and on information and belief were in the employ of the City and/or State of New York and those who are named in this complaint as individual defendants and whose addresses are unknown other than c/o NYPD or BAR other NYPD police officers, detectives, supervisors and/or personnel at the precinct in question, including but not limited to supervisors, the officers, and/or staff, whose identities are presently unknown to plaintiff and/or are on information and belief were NYPD personnel, staff, detectives, sergeant, lieutenant and/or criminal court Judges, Prosecuting Attorneys,, legal Aid Attorneys, criminal court clerk and/or criminal court personnel employed by the CITY, to perform duties for the CITY OF NEW YORK and elsewhere. At all times relevant, defendants above-named were acting in the capacity of agents, servants and employees of defendant CITY OF NEW YORK and are sued individually and are in their official capacity.

## FACTUAL ALLEGATIONS

A general synopsis of the 1/6/2014 incident which is the initial incident addressed in the instant summons and complaint are set forth with specificity in the Plaintiffs' Notice of Intention to File Claim that was duly served on 8/ /2016.

12. On or about the above stated date the plaintiff was accosted

7

by approximately 15 to 20 plain clothed police officers working for defendants NYPD, and requested entry into the plaintiffs apartment for the purpose of conducting a search. When the plaintiff question upon what grounds they believed that they should be allowed to search they reply that id she had nothing to hide, she would let them search her apartment to which she declined. They then requested that they be provided with her identification and proceeded to question her about Okee Wade and his whereabouts. They were informed by the plaintiff that the last time she had spoken to him had been on or about the 25th of December 2014 and that he had informed her that he would be coming to pick up his son Myles Dobson the following day and that she had not heard from since then. At which time the defendants police officers Richard Tirelli, and Robert Hahn ask the plaintiff if she would accompany them to they precinct, to which she agreed.

13.     Once at the precinct the plaintiff was placed in a room where defendants Tirelli and Hahn later enter and began to vigirously question her about her knowledge of the Wade family, namely if she knew that Myles Dobson was being abused by his mother and father, or that there were still ACS cases pending on the two. The plaintiff contined to informed them that she ahd no knowledge of these events, she had only been asked to care for the child and thats what she had done. When the insisted that she lacked the knowledge of the events in question they informed the plaintiff that she had to know because their record informed them that she was a girlfriend of Mr. Wade, and was therefore no way that she could not have known. Once again they were informed that their

8

information was in correct. The plaintiff not understanding what it was that they were trying to do requested that she be allowed to contact her attorney, unfortunitely her reqest was ignored and an interrogation was conducted for they next 10 hours. When the plaintiff asked if she was under arrest she was told that she was not, however, she was not free to leave at that time until their supervisor captain spoke to her then she was be free to leave. The defendants Tirelli and Hahn then proceeded to hold the plaintiff captive for approximately 72 hours in a holding pen without being allowed to shower or have the appropriate nutrients. At which time the defendants again took the plaintiff into the interrogation room and began to demand that she stop lying and just tell the truth about what had happened Mylee Dobson. The plaintiff once again informed them that she had told them the absolute truth and once again requested that she be allowwed to contact her attorney. The plaintiff was once again denied the right to contact her attorney and informed by the defendants that she was first going to be charged with Assault. The plaintiff at this point being very confused inquired as to how she could charged with assault when shehad not assaulted anyone... She was then informed that they knew she was withholding the truth so they were going to charge her with assault and possibly murder.

14.     On or about 1/8/2014 the plaintiff was indeed charged with the assault of Mylee Dobson, a crime which they knew at the time she had not committed. The plaintiff was then made to languish in jail for the proceeding (6) six months whereafter the charge of assault was upgraded to Murder.

15.     Thereafter the plaintiff was arraigned on the felony charge of Murder.  At the arraignment the plaintiff informed her appointed attorney that she would like to be present and testify before the GRAND JURY, the plaintiffs request was blatantly denied and she was thereafter indicted on the charge of Murder and other related charges.

16.     At the subsequent arraignment on the murder charge the plaintiff at that time expressed her great displeasure with defendant legal aid Attorney BRYAN KONOSKI's waiver of her right to testify before the GRAND JURY, she was asked if she had informed her attorney, to which she replied "yes" and no more was spoken of the denial..

17.     However, plaintiff learned that the Statute clearly states that the accused if not satisfied with the procedures of the Grand Jury or a denial of the same could file a notice to appear before the Grand Jury within five days of the arraignment on the indictment.  Defendants JUDGE ROBERT STOLZ, HON. CYRUS VANCE, ADA COLLEEN WALSH, BRYAN KONOSKI,  were all aware of the statute and its provisions and therefore knew or should have known that the plaintiffs rights were being violated.

18.     Thereafter plaintiff KING   being disgruntled about the illegal waiver of his right to the Grand Jury began to further research the laws of New York State and discovered that he had also been denied his right to the "PRELIMINARY  HEARING" a hearing which according to the United States Supreme Court ruled was a "critical stage of the proceedings" and could not be waived by no other than the plaintiff.

19.     During this discovery the plaintiff learned that not only was she entitled to a "Preliminary Hearing" but, that the Court, namely Defendant Jane Doe, had an obligation to inform the plaintiff of the charges against hjer and that she had a right to a preliminary hearing.  The statute further states that the defendant JANE DOE had a continued obligation to do everything in her power to effectuate the the plaintiffs right to the preliminary hearing, she failed.  Thereby leaving the plaintiff to fight without the benefit of the very Constitutional provisions set forth to safeguard the plaintiffs rights thereto.

20.     The PLAINTIFF further argues that from her very first encounter with the criminal justice system its employees have consistantly and insidiously denied the PLAINTIFF her statutory right to the mandatory "PRELIMINARY HEARING", which has resulted in the PLAINTIFF having to stay in jail for a prolonged period of time, locked away from her family and children.  This practice of which the plaintiff now complains against the above stated defendants has been a on going policy created some time after the legislators enacted the statutory mandate based upon A United States Court ruling.

21.     The plaintiff has suffered from the defendants action, namely defendant ADA COLLEEN WALSH, who dispite having clear knowledge of her obligation to conduct a "Preliminary Hearing" on behalf of the People of the State Of New York failed to do so and when she was questioned about her error by way of a Motion to Dismiss the present indictment for said failure to adhere to the prescribed statutory mandates, the defendant failed to respond to the

11

motion in writing thereby conceeding to each and every argument that was made by the plaintiff, at which time the plaintiff's motion should have been granted.

22.     The plaintiff continues to suffer from the actions of the defendant(s) namely the HON. ROBERT STOLZ, who arbitrarily denied the plaintiffs motion while acknowledging the plaintiffs right to demand a preliminary hearing, nevertheless he still denied the plaintiffs motion in the wake of the ADA's failure to respond.

23.     The plaintiff was made to suffer further from the actions of the defendant BRYAN KONOSKI, who as her court appointed attorney failed to safeguard her rights as was his job, in that he knowingly allowed without opposition the ADA and the Court to systematically deprive the plaintiff of her statutory right to the preliminary Hearing, a right so fundamental that a laymen such as the plaintiff could uncover it but, so critical that the United States Supreme Court "RULED" that all states "MUST" have a "PROBABLE CAUSE" hearing. The STAE OF NEW TYORK chose Criminal Procedure Law §§§ 180.10, 180.60. and 180.70(4) but, have created a policy in which they systemactically user the "GRAND JURY" to somehow circumvent their obligation under the "STATUTES".

24.     The plaintiff was made to futher suffer from the inactions of the defendant ADA NICOLE BLUMBERG, who along with ADA WALSH had an obligation to conduct a "preliminary hearing" and/or correct ther failure of the ADA COLLEEEN WALSH to conduct the "preliminary hearing." By continuing to ignore this blatant denial of the STATUTE and thereby denial of the Constitution.

25.     The plaintiff was made to further sufer by the iinactions

12

of defendant CYRUS VANCEF, who was not diligently aware of or a allowed a policy to be born and/or carried out without any corrections until this present date as well as the CITY OF NEW YORK., the AMERICAN BAR ASSOCIATION and THE NEW YORK CITY DISTRICT ATTORNEYS OFFICE who likewise failed to correct this unconstitutional practice and/or policy that has been being used to deprive "AFRICAN AMERICAN" citizens their Constitutional rights to Due Process, Equal Protection of the law and the effective assistance of counsel, which the plaintiff was certainly denied by way of this policy to not hold or inform the plaintiff of her "RIGHT" to a "Preliminary Hearing".

26. The plaintiff was further made to suffer do to the actions of all the above stated police offer defendants who after learning of reports that the victim in the case had been abused before coming to stay with the plaintiff and that ACS was aware of the same as evidcenced by the previous reports, which were at some point in the possession of the NYPD and/or its personnel.

27. Plaintiff KING's causes of action for illegal detention based upon the defendants denial of his "STATUTORY" right to the "PRELIMINARY HEARING" has been a continuing practice and/or policy. Upon information and belief the abuse to which the plaintiff is now being subjected to was/is consistent with institutionalized practicers of the CITY OF NEW YORK, the NYPD, NYS BAR ASSOCIATION, and of HON. CYRUS VANCE, and the DISTRICT ATTORNEYS OFFICE OF NEW YORK COUNTY, which was known to and ratified by defendant CITY OF NEW YORK, whereas said defendants having at no time taken any effective action to prevent the above stated defendants and/or its

13

personnel and/or the DISTRICT ATTORNEYS OFFICE OF NY COUNTY from continuing to engage in such unconstitutional misconduct. said defendants having at no time taken any effective action to prevent the above stated defendants and/or its personnel and/or the DISTRICT ATTORNEYS OFFICE OF NY COUNTY from continuing to engage in such misconduct.

30. Upon information and belief, defendants CITY OF NEW YORK and/or the DISTRICT ATTORNEYS OFFICE and/or LEGAL AID SOCIETY as well as the NYPD authorized, tolerated as institutionalized practices, and failed to ratify the misconduct herein before detailed by failing to properly train, discipline, restrict and or control its employees, staff, supervisors, and/or supervise staff of the DA's office, by failing to forward to the office of the DISTRICT ATTORNEY OF THE COUNTY OF NEW YORK evidence of illegal acts committed by the defendants and by further failing to correct said misconduct, and/or negligent failure to act to secure the safety of a citizen and to prevent further violence to that citizen but instead responded to such valid complaints of the plaintiff supported by others and official denials calculated to mislead the public and actions taken to denigrate and punish the innocent citizen who fastidiously took every step humanly possible to try to gain the attention of those responsible for the plaintiffs illegal detention. This conduct also constitutes negligence and/or gross negligenc under state law and is applicable to the detention and loss of liberty claims of plaintiff and his invasion of privacy claims.

28. HON. CYRUS VANCE and/or DISTRICT ATTORNEY"S OFFICE OF NEW YORK COUNTY negligently failed to properly supervise and monitor

14

and negligently conducted the prosecution of the defendant (herein the plaintiff KING) that vhis said offices by withholding information and/or evidence as well as upholding the unlawful denial of the plaintiffs "STATUTORY" right to the preliminary hearing and her counsel and/or its failure to adequately investigate claims made by a criminal defendant and their counsel, herein specifically the plaintiff KING; and failing to establish and/or assure the functioning of a meaningful department system for dealing with complaints against the DISTRICT ATTORNEY'S OFFICE, NYPD, THE BAR and/or LEGAL AID SOCIETY.

## FEDERAL CAUSES OF ACTION

29. Each and every allegation set forth in Paragraphs "1" through "34" is incorporated herein by reference.

30. The above described actions and omissions engaged in under color of state authority by defendants, including defendants CITY, NYPD, BAR, HON. CYRUS VANCE, DISTRICT ATTORNEY'S OFFICE NEW YORK COUNTY, etc. responsible because of its authorization, condonation and ratification thereof for the acts of its agents, deprived plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to his Fourth Amendment rights to be free from illegal search and seizure without a warrant and for false arrest and imprisonment to be free from unjustified and excessive force utilized by the police, and his Eighth Amendment right to be free from cruel and unusual punishment and Fourteenth Amendment right to due process and equal protection under the laws, and his 6th Amendment right to a fair trial

## ATTORNEYS' FEES AND JURY TRIAL

31. Plaintiff is entitled to an award of attorney's fees,

15

pursuant to 42 U.S.C. § 1988(b); 42 U.S.C. § 1983 Plaintiff request a trial by jury.

WHEREFORE, plaintiff KING, demands the following relief, because plaintiff believes that the defendants are not exempt from suit because their actions herein above depicted do not fall within the scope of their official duties but falls squarely outside of it and seeks to deprive a citizen of rights guaranteed by the United States Constitution; whereas the acts believed to have been done deliberately so as not to be protected by their official offices, they are sued in the individual and official capacities, jointly and severally, against each defendant Twenty million ($20,000,000.00) dollars against each defendant in negligence, for false arrest, false imprisonment, fraud, intentional infliction of mental distress, by denying a statutory right and thereby a Constitutional right against a citizen of the United states in violation of Title 18 USC §§ 241/242, Primal facie tort, Abuse of Process/Procedures, Filing a false complaint, malicious prosecution in favor of plaintiff against each individual defendant; Punitive Damages for racial discrimination and racial profiling Twentyfive million ($25,000,000.00) against each defendant, Compensatory Damages Twenty million ($20,000,000.00) against each defendant; plaintiff demands judgment of Two hundred eightyfive million ($285,000,000.00) For the collective conspiracy to deprive the plaintiff of Statutory right and thereby a constitutional right.

1. Negligence
2. False Arrest
3. False Imprisonment
4. Fraud
5. Intentional Infliction of mental distress

6. Violating Title 18 USC §§ 241 and 242
7. Primal Facie tort
8. Abuse of Process/Procedure
9. Filing a false complaint and/or attempt and/or conspiracy to file a false complaint
10. Conspiracy to deprive a citizen of a statutory right and thereby a constitutional right
11. Malicious Prosecution
12. Racial discrimination/profiling.

WHEREFORE, the plaintiff further demands that the hearing court adminster and injunction compelling the defendants to resume conducting "PRELIMINARY HEARINGS"untile such time as the legislature repeals said statute. WHEREAS, all defendants actions in so conspiring and/or failing to correct said conspiritorial acts which fall squarely outside the scope of their official duties thereby lifting their immunity protections the only right sence of justice would be such a sanction.

**TOTAL AMOUNT CLAIMED: $1,000,000,000.00**

A. Plaintiff KING demands Tort Claims, Twenty million ($20,000,000.00) dollars against each defendant or Twenty ($20,000,000.00) dollars.
B. Compensatory damages in the amount of Twenty million ($20,000,000.00) dollars against each defendant;
C. Punitive damages in the amount of twenty five million ($25,000,000.00) against each defendant;
D. For the collect 30 year conspiracy to deprive a citizen (the plaintiff) of a Statutory right and thereby a Constitutional right, Two hundred and eighty five million ($285,000,000.00)
E. Plaintiff KING further demands an injunction which will require all New York City Court houses and part to afford the defendant who they attempt to prosecute a (PRELIMINARY HEARING).
F. Attorney's fees pursuant to 42 U.S.C 1988(b); 42 U.S.C. 1983; and
G. For such other and further relief as to the Court deems just and proper.

NRDC
125 White Street
New York, N.Y. 10013



RECEIVED
SEP 20 2016
CLERK'S OFFICE
S.D.N.Y.

2016 SEP 23 AM 8:28

United States District Court
Southern District of New York
U.S. Court House
500 Pearl Street
New York, New York 10007-1312

USM P3
SDNY